IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01331-BNB

PERCY BARRON,

    Applicant,

v.

STEVEN NAFZIGER,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL - 6 2007

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

Applicant, Percy Barron, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Barron filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). He also paid the $5.00 filing fee for a habeas corpus action. For the reasons stated below, Mr. Barron will be ordered to file an amended pleading.

The Court has reviewed the application filed in this action and finds that the claims Mr. Barron asserts are not habeas corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Mr. Barron is not challenging the validity of his custody. Instead, he challenges the conditions of his confinement. He specifically challenges the medical treatment he received for his left eye.

Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971). **See, e.g., Richards v. Bellmon**, 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, because the claims Mr. Barron raises in this action properly should be asserted in a civil rights action, he will be directed to file a Prisoner Complaint against the individuals who allegedly have violated his rights if he wishes to pursue his claims in this action.

Finally, the Court notes that Mr. Barron has paid the $5.00 filing fee for a habeas corpus action. However, because the Court has determined that this action properly is construed as a **Bivens**-type civil rights action, Mr. Barron is required to pay the $350.00 filing fee. **See** 28 U.S.C. § 1915. Therefore, Mr. Barron also will be ordered to submit the balance of $345.00 or, if he is unable to pay the entire balance at this time, to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his inmate trust fund account statement as required pursuant to 28 U.S.C. § 1915(a)(2). If leave to proceed pursuant to § 1915 is granted, Mr. Barron will be allowed to pay the balance of the filing fee in installments. **See** 28 U.S.C. § 1915(b). Accordingly, it is

ORDERED that Mr. Barron cure the deficiencies in this action by submitting to the Court **within thirty (30) days from the date of this order** a Prisoner Complaint and either a payment in the amount of $345.00 or a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

2

FURTHER ORDERED that the clerk of the Court mail to Mr. Barron, together with a copy of this order, two copies of the following forms: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that, if Mr. Barron fails within the time allowed to cure the designated deficiencies, the action will be dismissed without further notice.

DATED July 6, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01331-BNB

Percy Barron
Reg. No. 04710-000
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 7/6/07.

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk