IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01331-BNB

PERCY BARRON,

    Plaintiff,

v.

STEVEN NAFZIGER,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 29 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Percy Barron, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is confined at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. He has filed *pro se* a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993), alleging that the defendants violated his rights under the United States Constitution. He seeks money damages as relief.

The Court must construe the complaint liberally because Mr. Barron is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Under *Bivens*, a plaintiff must allege that the defendants have violated his or her rights under the United States

Constitution while the defendants acted under color of federal law. For the reasons stated below, Mr. Barron will be directed to file an amended complaint.

Mr. Barron asserts claims arising out of the medical treatment for his left eye. He specifically alleges that he wants to see a different ophthalmologist who will review his medical record about the condition of his left eye, evaluate his left eye, and remove the three sutures in his left eye.

Mr. Barron apparently was examined on August 8, 2006, by a Dr. Collins at the United States Medical Center for Federal Prisoners in Springfield, Missouri. Mr. Barron alleges that Dr. Collins denied him medical treatment without reviewing his medical records sent to the Springfield medical center or he would have seen that in January 2006 the ADX contract optometry department recommended that the three sutures be removed from around the cornea in his left eye to release the cornea and improve his left eye vision with eyeglasses. Therefore, he asked to be examined by a different ophthalmologist who will remove the sutures in his left eye, and he disagrees with the fact that Mr. Nafziger has denied his request. On the basis of these allegations, he contends that his rights under the Eighth Amendment to the United States Constitution have been violated.

The core areas entitled to protection by the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. **See Clemmons v. Bohannon**, 956 F.2d 1523, 1527 (10th Cir. 1992). "[T]he Eighth Amendment, which specifically is concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners." **Whitley v. Albers**, 475 U.S. 312, 327 (1986); **see also Adkins v.**

*Rodriguez*, 59 F.3d 1034, 1037 (10th Cir. 1995) (noting that the Eighth Amendment is the explicit textual source of constitutional protection in the prison context).

To establish liability under the Eighth Amendment, Mr. Barron must show, in part, that the defendant or defendants acted with deliberate indifference to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. Deliberate indifference requires a higher degree of fault than gross negligence. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990). Mr. Barron appears to disagree with his medical treatment; he does not appear to allege an injury that rises to the level of deliberate indifference.

In the amended complaint he will be directed to file, Mr. Barron must allege exactly what each defendant did to violate his constitutional rights, and he must allege which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Barron must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Barron may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Barron uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The amended complaint Mr. Barron will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In order for Mr. Barron "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's

4

action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, — F.3d —, 2007 WL 1895877 at *3 (10th Cir. July 3, 2007). Accordingly, it is

ORDERED that Mr. Barron file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Barron, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Barron submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Barron fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction

within the time allowed, the complaint and the action will be dismissed without further notice.

    DATED August 29, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01331-BNB

Percy Barron
Reg. No. 04710-000
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 8/29/07 .

                                     GREGORY C. LANGHAM, CLERK

                                    By_____
                                              Deputy Clerk