IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01331-BNB

PERCY BARRON,

     Plaintiff,

v.

STEVEN NAFZIGER,

     Defendant.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 4 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
AND FOR PRELIMINARY INJUNCTION

---

     Plaintiff, Percy Barron, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX) in Florence, Colorado. He has filed *pro se* an amended civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993), alleging that the defendant violated his rights under the United States Constitution. He asks for money damages and injunctive relief. He also filed a motion for a temporary restraining order and/or preliminary injunction.

     The Court must construe liberally the motion for a temporary restraining order and/or preliminary injunction because Mr. Barron is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the liberally construed motion for a

temporary restraining order and/or a preliminary injunction will be denied.

Mr. Barron asks this Court to order Defendant Steven Nafziger, ADX clinical director, to arrange for him to see a different ophthalmologist, which Mr. Nafziger has refused to do. Mr. Barron wants to see a different ophthalmologist to evaluate his left eye and to remove three sutures from around the cornea in his left eye that Dr. Collins, an ophthalmologist with the United States Medical Center for Federal Prisoners in Springfield, Missouri, has refused to remove. Apparently, Dr. Collins refused to remove the sutures because he did not have available to him to Mr. Barron's eye records. Mr. Barron alleges that the prison "contract optometry," amended complaint at 3, has recommended that the sutures be removed to release his cornea and improve the vision in his left eye with eyeglasses.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See **Lundgrin v. Claytor**,* 619 F.2d 61, 63 (10th Cir. 1980). Mr. Barron fails to allege any facts that demonstrate he is facing immediate and irreparable injury. Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b). Therefore, the liberally construed motion for a temporary restraining order and/or a preliminary injunction will be denied. Accordingly, it is

ORDERED that the motion for a temporary restraining order and/or preliminary injunction submitted by Plaintiff, Percy Barron, and filed with the Court on September 26, 2007, is denied.

DATED at Denver, Colorado, this _3_ day of _____Oct.____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-01331-BNB

Percy Barron
Reg. No. 04710-000
ADX - Florence
PO Box 8500
Florence, CO 81226


I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on 10407.


GREGORY C. LANGHAM, CLERK


By:_____
Deputy Clerk