IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 07-cv-01331-CMA-KMT

PERCY BARRON,

    Plaintiff,

v.

STEVEN NAFZIGER,

    Defendant.

---

**ORDER ADOPTING AND AFFIRMING MARCH 27, 2009 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the March 27, 2009 recommendation by the Magistrate Judge that Plaintiff's Motion of Dispositive (Doc. # 89), construed as a motion for summary judgment, be DENIED and that Defendant's Motion for Summary Judgment (Doc. # 90) be GRANTED.  On April 9, 2009, Plaintiff filed timely objections to this recommendation (*see* Doc. # 130).

### I.  BACKGROUND

The factual and procedural background is set out at length in the Magistrate Judge's recommendation, which the Court incorporates herein.  The major events are as follows.  On September 26, 2007, Plaintiff, *pro se*, filed an Amended Prisoner Complaint (Doc. # 12) alleging that Defendant violated his rights under the Eighth Amendment to the United States Constitution by manifesting deliberate indifference to his medical needs.  On September 25, 2008, Plaintiff filed a Motion for Dispositive,

which the Court construed as a motion for summary judgment (Doc. # 89). Defendant filed its Motion for Summary Judgment (Doc. # 90) on October 1, 2008. It is these motions that are the subject of the Magistrate Judge's recommendations.

## II.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed.R.Civ.P. 72(b)(3). An objection is properly made if it is both timely and specific. *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996). An objection is timely if made within 10 days after the Magistrate Judge issues her recommendation. *Id.* An objection is sufficiently specific if it "enables the district judge to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). If objections are not made or if made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3).

In considering the magistrate judge's recommendation in the instant case, the Court is mindful of Plaintiff's *pro se* status, and accordingly, reads his pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal

construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### III.  ANALYSIS

As stated above, a party's objections to a Magistrate Judge's disposition of an issue must be both timely and specific. Fed.R.Civ.P. 72. Plaintiff's objections were filed April 9, 2009, within 10 days of the Magistrate Judge's recommendation and were thus timely. It is the Plaintiff's failure to comply with the second part of that formula which undermines meaningful review. Though timely, Plaintiff's objections were not sufficiently specific to mandate a *de novo* review by this Court.

The requirement for specificity is grounded in notions of judicial economy. *See Thomas v. Arn*, 474 U.S. 140, 147 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509, (6th Cir. 1991). Without understanding what portions of a recommendation are in dispute and for what reasons, a court is left guessing. Such an exercise wastes judicial resources, *i.e.*, time and effort, in scavenging for answers to what began as an unclear question. *See Price v. Reid*, 246 Fed. Appx. 566, 569 (10th Cir. 2007)(plaintiff's failure to identify his objections with specificity precluded *de novo*

review).  Additionally, the specificity requirement "prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing."  *Thomas*, 474 U.S. at 147.

Plaintiff's objections suffer from a couple maladies.  First of all, using the term "objections" to describe the contents of Plaintiff's filing is a generous endeavor.  The "objections" are a mere recitation of the facts as Plaintiff sees them.  There is no citation to legal authority, no attempt to rebut the Magistrate Judge's findings, indeed, no reference to her findings, and most importantly, no argument other than what the Court might infer.  Though mindful of Plaintiff's *pro se* status, the Court is unable to conduct a meaningful *de novo* review given the lack of focus in Plaintiff's objections.

Second, Plaintiff's filing suffers from that all-too-prevalent bane of pleadings: conclusory allegations.  *See Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D. N.C. 1997) (conclusory objections which do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations do not constitute 'objections' for purposes of the governing statute).  For instance, in paragraph 11, Plaintiff states that "[D]efendant denied plaintiff request knowing that Dr. Collins . . . had made a poor judgement . . . ." (Doc. # 130.)  Plaintiff provides no support for his claim that Defendant knew about Dr. Collins' poor judgment nor evidence that Dr. Collins' judgment was in fact poor.  This sample fairly represents the entirety of Plaintiff's objections, which constitute a narrative detailing the condition of his left eye and the various medical opinions regarding whether sutures should be removed from it.  Plaintiff also stresses throughout that his left eye caused him pain.  While the Court has no reason to doubt that Plaintiff was in pain, this assertion falls far short of addressing

the fundamental question of whether Defendant should be held liable for manifesting deliberate indifference toward Plaintiff.

Thus, in the interests of judicial economy, as reflected in the Congressionally-imposed requirements for timely and specific objections, the Court has not and will not conduct a *de novo* review. However, in the larger interests of justice, the Court did review the Magistrate Judge's recommendation for evidence of clear error. *See* Fed.R.Civ.P. 72(b) Advisory Committee Notes. There is none.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1. That Plaintiff's objections (Doc. # 130), filed April 9, 2009, are OVERRULED;

2. That the Recommendation of the United States Magistrate Judge (Doc. # 126), filed March 27, 2009, is APPROVED AND ADOPTED as an Order of this Court;

3. That Plaintiff's Motion of Dispositive (Doc. # 89) is DENIED; and

4. That Defendant's Motion for Summary Judgment (Doc. # 90) is GRANTED and this case is hereby DISMISSED in its entirety.

DATED: April   15  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge